IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JUAN C. SANTIAGO-VELEZ,**
Petitioner

v.   **Civil No.** 14-1439 (DRD)

**UNITED STATES OF AMERICA,**
Respondent

**OPINION & ORDER**

Pending before the Court is Petitioner Juan C. Santiago-Velez's *Motion to Vacate, Set Aside or Correct* the sentence imposed in criminal case. *See* Docket No. 1; *see also* 28 U.S.C. § 2255. For the reasons discussed below, the Court hereby **DENIES WITH PREJUDICE** Petitioner's *Motion to Vacate, Set Aside or Correct Sentence* (Docket No. 1)

### I.   PROCEDURAL BACKGROUND

On September 8, 2011, Petitioner Juan C. Santiago-Velez ("Petitioner") was indicted and charged with conspiracy, along with thirty-five co-defendants, to possess with intent to distribute controlled substances within 1,000 feet of a protected location as well as aiding and abetting in the possession with intent to distribute heroin, cocaine, "crack" (cocaine base) and marijuana within 1,000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860. *See* 14-cr-1439 at Docket No. 3. Petitioner was also charged with conspiring to possess, use or carry a firearm during, and in relation to, narcotics trafficking offenses, in violation of 18 U.S.C. § 924(c)(1) and 924(o). *See Id*. Petitioner was one of the alleged leaders of a narcotics organization operating in the Jardines de Ceiba Housing Project in Ceiba, Puerto Rico.

On July 3, 2013, Petitioner pled guilty to Count One of the indictment, conspiracy with intent to distribute controlled substances, pursuant to a plea agreement reached with the Government. *See* 11-cr-345. at Docket Nos. 1014, 1016. The parties agreed to a term of imprisonment of one hundred sixty eight (168) months, a sentence on the lower end of the applicable guideline range. *Id*. The plea agreement contained no stipulation

as to Petitioner's Criminal History." *Id*. at 6. ("The parties do not stipulate any assessment as to [Petitioner's] Criminal History Category.")

On January 21, 2014, the Court sentenced Petitioner to one hundred and sixty eight (168) months of imprisonment and ten (10) years of supervised release. *Id*. at Docket No. 1214. On January 31, 2014, judgment was entered.

On June 2, 2014, Petitioner filed a *Motion to Vacate, Set Aside, or Correct Sentence*. *See* Docket No. 1. Petitioner alleged the vice of multicplicity[1] in his Indictment. *Id*. Specifically, Petitioner argues that he had been the victim of the filing of multiplicitous counts in the Indictment. *See* Docket No. 1 at pp. 5-6.

On July 22, 2014, The United States of America ("Respondent") filed its *Response in Opposition to Motion* wherein it clarified Petitioner's motion for relief revolved around multiplicity, and not on the duplicitous nature of the claims in the Indictment. Further, Respondent proffered that Petitioner's theory on the multiplicitous nature of the Counts absolutely lacked merit. *See* Docket No. 3.

On August 19, 2014, Petitioner filed a reply to the United States' *Response in Opposition* (Docket No. 4). Therein, Petitioner raised two cursory claims of ineffective assistance of counsel. *Id*. Moreover, Petitioner abandoned his prior allegation of duplicity and averred that the Government had neglected to address his ineffective assistance of counsel claim. Petitioner further argues that counsel should have requested a bill of particulars as "he was entitled to know what behavior is alleged to constitute the offense he is charged with." *Id*. Finally, Petitioner alleged new multiplicity claims. Particularly, Petitioner argues that the Double Jeopardy Clause of the Fifth Amendment was violated when the government, without objection from his defense counsel, charged him with separate offenses arising from the same drug conspiracy.

On December 19, 2014, Respondent filed a *Surreply to Petitioner's Motion* arguing that Petitioner's allegations are conclusory in nature. *See* Docket No. 7. Further, Respondent claims that Petitioner has not shown that his attorney's conduct "fell below an objective standard of reasonableness." *Strickland v.*

---

[1] Throughout his motion, Petitioner erroneously used "multiplicity" and "duplicity" in an interchangeable manner.

*Washington*, 466 U.S. 688, at 688-94. Lastly, Respondent alleges that Petitioner's failure to raise their challenges on direct appeal is makes the instant motion procedurally defaulted. *Id*.

## II.   ANALYSIS

Under § 2255, a prisoner prevails on his motion to vacate, set aside, or correct a sentence if the petitioner proves one of the following: (i) "the sentence was imposed in violation of the Constitution or laws of the United States," (ii) "the court was without jurisdiction to impose such sentence," (iii) "the sentence was in excess of the maximum authorized by law," or (iv) the sentence "is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).

### A.   *Ineffective Assistance of Counsel*

Petitioner's motion is grounded upon claims of ineffective assistance of counsel. Specifically, Petitioner charges his trial counsel, Ms. Lydia Lizarribar, with failing to request dismissal of indictment where 18 U.S.C. § 924(c) was erroneously charged under a § 846 conspiracy and failing to request dismissal of his indictment where one single conspiracy was erroneously divided into two different conspiracies.[2] *See* Docket No. 4. To strengthen his argument, Petitioner contends that Ms. Lizarribar failed to raise his objections to the Court and, as a consequence, Petitioner had to accept a less than favorable plea offer. The record does not support any of Petitioner's allegations.[3]

"In all criminal prosecutions, the accused shall enjoy the right to . . . have the assistance of counsel for his defense."  U.S. Const. Amend. VI. However, "not every lawyerly slip constitutes ineffective assistance of counsel for Sixth Amendment purposes."  *Prou v. United States*, 199 F.3d 37, 48 (1st Cir. 1999) (citing *Strickland v. Washington*, 466 U.S. 668, 693 (1984)). "After all, the Constitution entitles a defendant to generally

---

[2] As stated *infra*, the weapons conspiracy in furtherance of a drug trafficking crime constitutes a separate offense chargeable only against those co-conspirators that carried or used a weapon in furtherance of the drug enterprise.

[3] Petitioner's sentence was within the recommendation of the plea agreement. Further, his sentence was largely based on the facts he admitted and those that were later included in the Statement of Facts attached to the Plea Agreement. All of these conditions were duly explained to Petitioner at length. *See* 11-cr-345 at Docket No. 1353 at 22. The Petitioner was also advised that the guideline recommendation for his total offense level of thirty-five (35) points was ten year to life. *Id*. However, Petitioner was ultimately sentenced to one-hundred sixty-eight (168) months, as stipulated in the plea agreement.

proficient representation, not perfect representation." *Id.* (citing *Scarpa v. DuBois*, 38 F.3d 1, 8 (1st Cir. 1994)). The First Circuit succinctly summarized the legal doctrines surrounding claims of ineffective assistance of counsel as follows:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction ... has two components. First, the defendant must show that counsel's performance was objectively unreasonable under prevailing professional norms . . .
>
> Second, the defendant must show that counsel's deficient performance resulted in prejudice—that is, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*United States v. Mercedes-De La Cruz*, 787 F.3d 61, 67 (1st Cir. 2015) (internal citations and marks omitted).

In the event Petitioner satisfies the first *Strickland* prong, he faces an "arduous trek" in challenging his plea of guilty. *See Wilkins v. United States*, 754 F.3d 24, 28 (1st Cir. 2014). Typically, "a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson,* 467 U.S. 504, 508 (1984).

With respect to pleas of guilty, "[*Strickland's*] second, or 'prejudice,' requirement… focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart,* 474 U.S. 52, 58-59 (1985). To satisfy that second requirement, a defendant must "show 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *United States v. Arizmendi-Serrano*, 204 F. App'x 33, 34 (1st Cir. 2006) (citing *Hill,* 474 U.S. at 59, 106 S.Ct. 366); *see also Wilkins*, 754 F.3d at 28.

Petitioner alleges that Ms. Lizarribar's performance satisfies the first prong of the *Strickland* as Ms. Lizarribar failed to object to the language of the Indictment, which Petitioner alleges is multiplicitous. However, Petitioner does not argue he pled guilty without being satisfied with the final plea agreement with the government. Thus, Petitioner's argument lacks merit.

Petitioner unequivocally stated, under oath, that he understood the plea agreement, that he did not need any further time to discuss the terms with his attorney, and that counsel had explained the terms of the

4

agreement prior to the hearing. Further, counsel Lizarribar informed the Court that Petitioner was fully aware of the evidence against him, the consequences of entering a plea, and made his decision freely, voluntarily, knowingly and intelligently. To best illustrate the prior point, the Court reproduces relevant portions of the record from Petitioner's Change of Plea hearing before the Court.

> The Court: I see you have an attorney representing you today, what is the name of your attorney?
>
> Defendant Santiago: Lydia Lizarribar
>
> The Court: Are you satisfied with her services, representation and advice
>
> Defendant Santiago: Yes.
>
> **The Court: Have you had time to consult with your attorney as to the case in general, to your full satisfaction?**
>
> **Defendant Santiago: Yes.**
>
> **The Court: Have you been furnished with a copy of the charges against you in the indictment?**
>
> **Defendant Santiago: Yes.**
>
> **The Court: Have you discussed the charges with your attorney?**
>
> **Defendant Santiago: yes.**
>
> . . . CAMINO
>
> **The Court: How many times have you met with your attorney relating to first, the case in general and second, the entering of this plea?**
>
> **Defendant Santiago: I have met with her 30, 20 times maybe.**
>
> The Court: Now, how many times have you discussed the consequences of making a plea?
>
> Defendant Santiago: Several times.
>
> The Court: Several is what, two, three, four, a dozen times?
>
> Defendant Santiago: About five times.

See 11- cr-345 at Docket No. 1353 at pp. 6-7. (emphasis added).

The Court, during the plea hearing, addressed all of Petitioner's concerns regarding the plea agreement. Furthermore, the First Circuit has held that a defendant's statements in open court, during a plea hearing, carry a strong presumption of verity and it would "not permit a defendant to turn his back on his own representations to the court merely because it would suit his convenience to do so." *United States v. Parrilla-Tirado*, 22 F.3d 368, 373 (1st Cir. 1994); *see also United States v. Alegría*, 191 F.3d 179, 186 (1st Cir. 1999) ("courts cannot operate on the assumption that parties feel free to lie with impunity in response to a judge's interrogation.")

Further, in agreeing to plead guilty, Petitioner agreed to the entire Statement of Facts the Government attached to the Plea Agreement. *See* Id. at Docket No. 1014 at 11. Specifically, Petitioner agreed that he knowingly and intentionally conspired with others to possess with intent to distribute heroin, cocaine, cocaine base, and marihuana in the Jardines de Ceiba Public Housing Project. *See Id*. Defendant also accepted having possessed, and having encouraged others to possess, firearms throughout the conspiracy in order to protect his drug trafficking enterprise. *See Id*.

Consequently, the Court is convinced that Ms. Lizarribar addressed all of Petitioner's concerns prior to sentencing. Further, Ms. Lizarribar went to the appropriate lengths to ensure the plea agreement reflected the facts stipulated between Petitioner and the United States. *See Id*. Finally, the Court advised Petitioner that, if his plea was coerced, he had the right to appeal his conviction. Petitioner did not appeal his conviction.

After an exhaustive review of the record, the Court finds that Petitioner has failed to meet either one of the *Strickland* factors. First, it is abundantly clear that Petitioner's counsel was not defective. *See Mercedes-De La Cruz*, 787 F.3d at 67. Instead, Ms. Lizarribar admirably advocated in favor of her client and ensured that the plea agreement reflected the agreed upon facts. Second, Petitioner has made no allegation that he would have withdrawn his guilty plea, but for Ms. Lizarribar's allegedly deficient performance. *See Arizmendi-Serrano*, 204 F. App'x at 34. Finally, the Court made an inquiry into the voluntariness of the plea, as well as an inquiry into the accuracy of the plea. Thus, Petitioner's counsel was not ineffective nor did her performance fall below an objective standard of reasonableness.

### B. *The Double Jeopardy and Multiplicitous Counts*

Petitioner's claims initially were loosely based on the vice of multiplicity and/or the duplicitous[4] nature of the offenses charged in the Indictment, which he alleged violate the Fifth Amendment's Double Jeopardy Clause. Specifically, Petitioner argues that the charges in Counts One (I) and Six (VI) each charge the commission of the same offense and therefore violate the Double Jeopardy Clause and the rule against the vice of multiplicity.

At the outset, the Court stresses that Petitioner did not raise the claims discussed herein at trial nor on direct review and, accordingly, his arguments are deemed procedurally defaulted. *See Oakes v. United States*, 400 F.3d 92, 95 (1st Cir. 2005) ("If a federal habeas petitioner challenges his conviction or sentence on a ground that he did not advance on direct appeal, his claim is deemed procedurally defected."). The failure to challenge a defect in an indictment before trial, as required by Rule 12(b)(3), results in an unreviewable waiver of that challenge. *United States v. Walker*, 665 F. 3d 212, 228 (1st Cir. 2011) (stating that because the appellant did not raise either duplicity or multiplicity challenges at any time prior to trial, he waived those challenges); s*ee also Suveges v. United States,* 7 F.3d. 6, 10 (1st Cir. 1993) (holding that a party must show cause and prejudice to raise an objection not argued on direct appeal in a § 2555 motion). Lastly, a defendant who pleads guilty to multiple counts of conspiracy is barred from asserting that they all arose from a single conspiracy. *United States v. Broce*, 448 U.S. 563, 576 (1989). However, in one final act of generosity, the Court will address Petitioner's multiplicity claims.

In the instant case, the Court applies the statutory rule first construed by the Supreme Court in *Blockburger v. United States*, in which two standards of review are used to determine whether a single act that violated two laws constituted one, or two, separate offenses for the purposes of double jeopardy. *See Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180 (1932). The first prong revolves around the

---

[4] Petitioner erroneously uses the terms multiplicity and duplicity in an interchangeable manner. In the present case the challenges are centered on multiplicity, not duplicity. That is, Petitioner avers that in the Indictment he received multiple separate charges for a single crime, which is multiplicity; while duplicity is the charging of more than one offense in a single count which is not present in Petitioners allegations.

determination of whether each offense requires proof of an additional fact that the other does not. *See Blockburger*, 284 U.S. at 304. The second prong is the determination of whether Congress intended to prohibit each individual act or course of conduct composed of a series of acts. *See Blockburger*, 284 U.S. at 303; *see also Ehrlich v. United States,* 238 F. 2d 481, 485 (5th Cir. 1992); and *Ebeling v. Morgan,* 237 U.S. 625, 35 S. Ct. 710, 59 L. Ed. 1151 (1915).

Count One (I) of the Indictment charged Petitioner with conspiring to possess with intent to distribute controlled substances within 1,000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), 846 and 860. *See* Docket No. 3. Counts Two (II) through Five (V) charged Petitioner with substantively aiding and abetting in the possession with intent to distribute heroin, cocaine base, cocaine, and marijuana all within 1,000 feet of a protected location, in violation of 21 U.S.C. 841(a)(1) and 860 and 18 U.S.C. 2. Count Six (VI) of the Indictment charged the defendant with conspiring to possess firearms in furtherance of drug trafficking crimes, in violation of 18 U.S.C 924(c)(1) and 924 (o). *Id*. Thus, Petitioner was indicted for offenses that are unambiguously defined as separate offenses. Further, it is evident that it was the intention of the lawmakers to punish every separate offense of possessing and selling different types of narcotics and possessing a firearm in furtherance of those crimes. Moreover, each offense requires proof of a different element. *See Whalen v. United States*, 445 U.S. 684 (1980) (as a matter of statutory construction, crimes are distinct for double jeopardy purposes if each requires proof of a fact that the other does not). Further, and most critically, Counts II through V were dismissed with prejudice pursuant to the plea agreement. Hence, there is no problem with duplicity, nor multiplicity or double jeopardy. *See* 11-cr-345 (2) at Docket No. 1214 (Dismissing counts 2, 3, 4, 5, and 6).

Therefore, according to the first prong of the *Blockburger*, test (idencal proof of elements) Petitioner's offenses are distinct. Count One (I) charged a conspiracy to possess with intent to distribute narcotics which requires proof of an agreement but does not require proof of any acts in furtherance of the conspiracy. Further Count Six (VI) charged a conspiracy to possess firearms in the furtherance of the commission of a drug crime. *See United States v. Gomez-Pabon,* 911 F. 2d 847, 861-62 (1st Cir. 1990) (holding that conspiracy to import cocaine was a distinct offense from conspiracy to possess cocaine with intent to distribute because the

8

"proscribed object" of each conspiracy was different). The elements upon which the § 846 conspiracy is based are: (1) possession or distribution and (2) intent. In addition, a § 846 requires proof of a conspiracy to commit narcotics offense, which involves possession or distribution of a controlled substance. Conversely, a § 841 requires either actual or constructive possession of a controlled substance while § 924(c) requires possession of a firearm in furtherance of a drug trafficking crime. Accordingly, Petitioner fails to persuade the Court.

Finally, Counts II-V charged Petitioner with **substantive** counts of possession with the intent to distribute narcotics.  First off, offenses charged in Counts two (II) through five (V) are legally and factually distinct from each other because they require substantive proof of possession with intent to distribute heroin, cocaine, cocaine base, and marihuana which means actively possessing with intent to distribute each separate substance.

Furthermore, the substantive counts differ from the conspiracy charge, in that the government must prove that the defendant actually possessed, or aided and abetted another individual in possessing the narcotic with the intent to distribute it. *See United States v. Powell*, 632 F.2d 754 (9th Cir. 1980); *see also Albernaz v. United States,* 450 U.S. 333 (1981) (holding that the *Blockburger* analysis applies with equal force to multiple conspiracy charges). "It has long been established that violation of a conspiracy statute and substantive criminal violations, which were the objects of the conspiracy, may be separately charged and, on conviction, may be properly punished by separate sentences." *See United States v.* Reis, 788 F.2d 54, 57 (1st Cir. 1986) (*citing* Pinkerton *v. United States*, 328 U.S. 640, 643, 66 S.Ct. 1180, 1182, 90 L.Ed. 1489 (1946)); *see also United States v. Powell*, 632 F.2d 754 (9th Cir.1980). "A defendant may be prosecuted for both a conspiracy and substantive offenses." *Iannelli v. United States,* 420 U.S. 770 (1975).  "The fact that an offender violates by a single action several regulatory controls devised by Congress as a means for dealing with a social evil, as deleterious as it is difficult to combat does not make the several different regulatory controls single and identical. *Gore* v. *United States*, 357 U.S. 386, 78 S. Ct. 1280, 22 Ed.2d. 1405 (1958).  Thus, as evidenced above, Petitioner's claims of multiplicity lack merit and fail to satisfy either prong of the *Blockburger* test.

9

### III. CONCLUSION

For all the reasons discussed above, this Court **DENIES WITH PREJUDICE** Petitioner's *Motion to Vacate, Set Aside, or Correct* sentence. *See* Docket No. 1.

The Court further orders that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c) (2).

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 8th day of August, 2016.

S/ DANIEL R. DOMÍNGUEZ
DANIEL R. DOMÍNGUEZ
U.S. District Judge